UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHEL JONES,

       Plaintiff

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

       Defendant.
_____/

Case No. 2:25-10114
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

# MEMORANDUM ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY (ECF No. 24)

     Pending before the Court, and to be addressed under separate cover by report and recommendation, is Defendant's October 14, 2025 motion to compel arbitration (ECF No. 18), which Plaintiff has opposed (ECF No. 21). Defendant has more recently filed a motion to stay discovery pending resolution of the pending motion to compel arbitration. (ECF No. 24.) Plaintiff filed a brief in opposition to the motion (ECF No. 25) and Defendant has filed a reply (ECF. 26). Preliminarily, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citing *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

Defendant argues that "there is a 'proclivity by courts to stay discovery pending arbitration.'" (ECF No. 24, PageID.435 (quoting *Williams v. Bankers Life & Cas. Co.*, CV 21-293-SDD-SDJ, 2022 WL 187809, at *2 (M.D. La. Jan. 20, 2022).)  Defendant points out that, "'[It] is the general practice of district courts' to issue 'a stay of discovery . . . while [a] motion to compel arbitration [i]s pending before the Court.'" (*Id.*, PageID.435-436 (quoting *Intertec Contracting A/S v. Turner Steiner Int'l, S.A.*, No. 98 Civ. 9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001).)[1]  Further, as Defendant correctly notes, a stay may be warranted both because "case law within the Sixth Circuit provid[es] a 'strong presumption in favor of arbitration[,]'" *Huffman v. Hilltop Cos., LLC*, 747 F.3d 391, 395 (6th Cir. 2014), and because "arbitrability is a threshold question that can dispose of the case, and courts favor staying discovery to uphold the Federal Arbitration Act's intent to move disputes into arbitration 'as quickly and easily as possible.'" *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). (ECF No. 24, PageID.435-436.)  And the Court recognizes, as emphasized by Defendant, that requiring parties to engage in discovery while the Court adjudicates a motion to compel

---

[1] Plaintiff takes issue with the use of case law from outside the Sixth Circuit or this District (ECF No. 25, PageID.474-475); however, while not binding on this Court, they may be cited in support and their reasoning may be adopted by this Court as persuasive or convincing, particularly where circumstances or fact patterns are strikingly similar.

2

arbitration puts the party advocating for arbitration in the position of "forever los[ing]" the bargained-for right to enjoy "the advantages of arbitration." (*Id.*, PageID.436) (citing *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, No. 5:16-CV-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017)).  Indeed, one of the main reasons why arbitration is pursued in lieu of litigation in court is to avoid the time and expense of discovery and judicial motion practice, and instead obtain the "speed and economy" of arbitration. *Mahamedi IP Law,* 2017 WL 2727874, at *1.  Furthermore, "[i]f the Court ultimately determines that the dispute should be arbitrated, responsibility for the conduct of discovery lies with the arbitrators[.]" *Id*. (internal citations and quotation marks omitted).  "Thus requiring the parties to submit to full discovery under the Federal Rules of Civil Procedure may unnecessarily subject them 'to the very complexities, inconveniences and expenses of litigation that they determined to avoid.'" *Klepper v. SLI, Inc.*, 45 F. App'x 136, 139 (3d Cir. 2002) (quoting *Suarez-Valdez v. Shearson Lehman/American Exp.*, Inc., 858 F.2d 648, 649 (11th Cir.1988)).  The Court finds this reasoning compelling.

Plaintiff urges the Court to deny the request for a stay for a variety of reasons.  The Court addresses these one at a time.

1. **Meet and Confer Conference**

Plaintiff argues that the motion should be rejected because "No Valid Conference Occurred" and, therefore, the certification under E.D. Mich. 7.1 is "false." (ECF No. 25, PageID.469.)  While it is initially unclear what she means with respect to the "validity" of the conference, which in fact took place by her own admission, her argument is actually that the conference was "not meaningful" because only Attorney Jennifer Meer appeared, and not "lead counsel" Caitlin Dunnett. (*Id*., PageID.470.)  The Court observes that both of these attorneys have appearances filed in this case. (ECF Nos. 13, 23.)  And the motion in question was filed by Ms. Meer, who did appear at the meet and confer conference. (See ECF No. 24; ECF No. 25, PageID.470.)  Plaintiff reads a requirement into the local meet and confer rule that is simply not there.  The rule does not specify that only the "lead" attorney may initiate or participate in the conference; rather, the Rule puts the onus on "the movant," which, in a case where movant is represented by counsel, means "by its counsel."  Here, that would include Attorneys Britton, Meer, and Nicholson, *or any of them*.  In any case, since Meer signed and filed the motion, it makes sense that she would represent Defendant at the conference. Further, Plaintiff fails to show how a more "meaningful" conference would have avoided this motion being filed, as it is clear that the parties have diametrically opposed views of whether the case should be stayed, as demonstrated by the

4

extensive briefing from both sides. In response to the motion, Plaintiff has not suggested that the Court should craft a more nuanced result than an up-or-down decision on whether discovery should be stayed or allowed to proceed. Nor has she enlightened the Court as to how, if Defendant had only "explained the nature of the motion or request and its legal basis[,]" she would have either consented to the motion or agreed to a compromise, thus avoiding the need to file it. *See* E.D. Mich. LR 7.1(a)(2)(A).

Defendants are warned, however, that Local Rule 7.1 requires more than what appears in their motion (*i.e.*, "counsel for Defendant conferred with Plaintiff counsel in an attempt to resolve the matter by agreement"), but rather, a certification that "the movant *explained the nature of the motion or request and its legal basis* and requested but did not obtain concurrence in the relief sought." E.D. Mich. LR 7.1(a)(2)(A) (emphasis added). <u>In the future, Defendant must so certify</u>.

## 2. Particularized Basis for a Protective Order

Plaintiff also argues that Defendant failed to comply with Local Rule 26.4's requirement for a "particularized" showing in support of a motion for a protective order. However, the Rule itself states that it "governs motions for protective orders based on a claim that information is privileged or subject to protection." E.D. Mich. LR 26.4(a)(1). Here, the request for a protective order is only an alternative

5

form of relief suggested by Defendant, and the motion is not "based on a claim that information is privileged or subject to protection." Rather, the motion is based on the alleged existence of an arbitration agreement and, in the Court's view, is about the "speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Thus, Local Rule 26.1 is inapplicable here. In any case, the Court is not granting this motion in the form of a protective order under Fed. R. Civ. P. 26(c), but is only basing its decision on the appropriateness of ordering a stay under the circumstances.

### 3. Local Rule 37.1 and Discovery Guidelines

Plaintiff also conflates the requirements of Local Rule 37.1, which apply to motions to compel discovery, with the Undersigned's Practice Guidelines for "Discovery and Discovery Motions." She argues, without specificity, that Defendant somehow violated these provisions (ECF No. 25, PageID.470), although it is unclear how, since Defendant has not moved to compel discovery. Instead, Plaintiff devotes several pages in her response to arguing that Defendant has violated various discovery rules (*id.*, PageID.471-473) – all of which are inapplicable to the motion at hand, which simply seeks a stay pending a decision on arbitrability – and that Defendant owes her discovery, having refused to respond substantively to her discovery requests pending a ruling on the motion to compel arbitration and/or this motion, although the Court notes that Defendant appears to

have responded by objecting to each request as premature pending the Court's decision on arbitration, in addition to other objections lodged. (*Id.*, PageID.529-610.) Plaintiff prays for the Court to compel substantive responses to her outstanding discovery (*Id.*, PageID.476), but her request is in violation of E.D. Mich. LR 7.1(i), which prohibits her from combining a motion with another stand-alone document, *i.e.*, by embedding a motion within a response. Indeed, while much of her response accuses Defendant of violating applicable (Local Rule 7.1) and inapplicable (Local Rule 37.1) procedural rules, she violated several of them herself: (a) She seeks to compel discovery without a showing that she sought concurrence for such relief, in violation of E.D. Mich. LR 7.1(a) and 37.1; (b) She combines a motion with a response, in violation of E.D. Mich. LR 7.1(i); and, (c) As she did in her response to the motion to compel arbitration (ECF No. 21), her response to the instant motion (ECF No. 25) is single-spaced, in violation of E.D. Mich. LR 5.1(a)(2), which, if not corrected in the future, <u>may result in her filings being stricken</u>. If Plaintiff is going to stand on procedural rules being meticulously followed, she must follow them herself.

4. **Arbitrability**

Plaintiff also utilizes her motion response to attack Defendant's motion to compel arbitration and to repeat some of the arguments she previously articulated in her response to that motion, *e.g.*, arguing that the declaration of Dan Smith (ECF

7

No 18-1) should not be considered because he was not named in Defendant's initial disclosures. (*See* ECF No. 25, PageID.473.) Defendant points out in its reply that it is improper for Plaintiff to use her response to the motion for a stay as a vehicle for reiterating – or recasting – her arguments against arbitration through the "backdoor[.]" (ECF No. 26, PageID.631.) While the Court largely agrees, it can also appreciate that in resisting a stay of discovery, Plaintiff may wish to convince the Court that the motion to compel arbitration is not likely to be successful, and that discovery should not await what she sees as a foregone conclusion, namely a denial of the motion for arbitration. That remains to be seen.

   5. The Need for Discovery to Determine Arbitrability

Additionally, Plaintiff devotes nine sentences of her response to the argument titled "Discovery Is Necessary to Resolve the Arbitration Motion." (ECF No. 26, PageID.474.) She relies upon *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) in support of the proposition that "the Sixth Circuit and district courts within this Circuit consistently hold that discovery *must proceed* so the Court may determine whether a valid agreement exists." (ECF No. 25, PageID.474 (emphasis added).) But *Great Earth* does not say anything about discovery; rather, it focuses on a disputed issue in that case over venue, points to "the strong federal policy in favor of arbitration[,]" notes that "any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of

arbitration" and then affirms this District's order compelling arbitration. 288 F.3d at 889-890.[2]

Plaintiff does not otherwise support her suggestion that discovery is needed to decide the question of arbitrability. Nor does her response to the motion to compel arbitration (ECF No. 21) rest on such grounds or make an argument that discovery is needed; instead, she argues that Defendant's request to compel

---

[2] Plaintiff's use of this case gives the Court concern about the possibility that she was led astray by generative artificial intelligence (AI). AI <u>cannot give legal advice</u>, and its use in research has led to glaring misstatements of law and sanctions awarded against both attorneys and *pro se* litigants. "At this point, it 'is no secret that generative AI programs are known to 'hallucinate' nonexistent cases, and with the advent of AI, courts have seen a rash of cases in which both counsel and *pro se* litigants have cited such fake, hallucinated cases in their briefs.'" *Seither & Cherry Quad Cities, Inc. v. Oakland Automation, LLC*, No. 23-11310, 2025 WL 2105286, at *1 (E.D. Mich. July 28, 2025) (Behm, J.) (quoting *Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025)). AI chatbots "are designed to mimic patterns of words, probabilistically. When they are 'right,' it is because correct things are often written down in the dataset they were trained on, not because they can independently fact-check themselves in the same way a human would." *Id*. Indeed, French data scientist Damien Charlotin catalogued "at least 490 court filings" between May and October 2025 that contained hallucinations. "Mistake-Filled Legal Briefs Show the Limits of Relying on AI Tools at Work," *The Detroit Legal News* (Oct. 31, 2025) at 18. Thus, the use of generative AI when drafting legal filings is a very risky practice, as *pro se* litigants and attorneys are still subject to the requirements of Fed. R. Civ. P. 11(b)(2) with respect to pleadings, motions and other documents they sign and submit to the Court; even in the absence of bad faith, Rule 11 sanctions for use of AI generated phantom cases may be warranted. *See Seither*, 2025 WL 2105286, at *2 (awarding sanctions); *see also Ali v. IT People Corp., Inc.*, No. 2:25-CV-10815, 2025 WL 2682622, at *3, *6 (E.D. Mich. Sept. 19, 2025) (awarded sanctions against *pro se* litigant for hallucinated legal citations and misstatements). The parties are **HEREBY SO WARNED**.

arbitration should be denied because: (a) it does not follow procedural guidelines and thus should be stricken; (b) Defendant lacks any evidence of an arbitration agreement; (c) Defendant made deficient disclosures and engaged in bad faith conduct[3]; (d) Defendant has waived any alleged right to arbitrate; (e) the FCRA creates statutory duties, not contractual ones; and, (f) public policy favors adjudication in court. (*Id*., PageID.375-379.)  Notably, she attaches a "Counter Declaration in Opposition to the Dan Smith Declaration." (ECF No.21, PageID.381-382.)  Thus, her argument in response to the instant motion that discovery is needed in order for the Court to decide arbitrability, which provides no specific detail of what discovery – beyond whatever factual material is contained in her own declaration in opposition to the motion to compel arbitration –  is actually needed or why, is undeveloped and thus waived.  It is well-established that

---

[3] Plaintiff complains that the identity of the declarant (Dan Smith) used to support Defendant's motion to compel arbitration was not revealed through Defendant's initial disclosures under Fed. R. Civ. P. 26(a).  It is unclear what difference it would have made to the issue of arbitrability if the name had been disclosed. The Court observes that the Rule provides for "the name and, if known, the address and telephone number of each individual likely to have discoverable information— along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]"  Rule 26(a)(1)(A)(i).  It is questionable whether a witness regarding arbitrability is really a witness in support of a *claim or defense*, or merely a threshold procedural witness, akin to witnesses for forum selection clauses, although the Court need not decide that in ruling on the motion for a stay.  Further, the Court-ordered deadline for exchange of initial disclosures preceded the deadline for moving to compel arbitration by three weeks (ECF No. 16, PageID.237), so Defendant was not yet under obligation to take a position on arbitrability when its disclosures were made.

issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argument, are deemed waived." *Dillery v. City of Sandusky,* 398 F.3d 562, 569 (6th Cir. 2005) (internal quotation marks and citations omitted); *see also Bishop v. Gosiger, Inc.,* 692 F.Supp. 2d 762, 774 (E.D. Mich. 2010) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to put flesh on its bones." (internal quotation marks and citations omitted)).  In light of the respective positions taken by the parties in opposition to the motion to compel arbitration, no discovery appears to be necessary while that motion is pending; however, if the Court determines that any further factual development is required in order for it to decide the motion, it always has the discretionary options of ordering it and determining its scope and means and/or holding an evidentiary hearing.

### 6. Prejudice

Finally, Plaintiff provides a largely undeveloped list of reasons as to why she would be prejudiced by a stay of discovery until the question of arbitration is resolved. (ECF No. 25, PageID.475-476.)  These include "loss of opportunity to challenge undisclosed witnesses" (despite her own counter declaration, and without explanation of what more a deposition of Mr. Smith might achieve), the general possibility of spoliation of evidence, a concern that the statute of limitation on her FCRA claims could somehow run pending a decision, and a violation of her

11

due process rights. The Court is not persuaded by any of these concerns. A stay pending the Court's decision on whether arbitration should be compelled makes sense and is consistent with Fed. R. Civ. P. 1, for the reasons described above. The Court is not convinced that Plaintiff will be unduly prejudiced by the delay necessary to determine the proper tribunal to which this dispute should be submitted, and the question is an important one. Moreover, stays in these circumstances are appropriate and "routinely" granted "under similar circumstances.", *Mahamedi IP Law,* 2017 WL 2727874, at *1. This is so because arbitrability is a threshold issue and that "Congress's purpose in the [Federal Arbitration Act was] to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Smith,* 601 U.S. at 478 (citing *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 22(1983)).[4] The Court is also quite cognizant that by permitting discovery while the question of arbitration is under advisement, one of the goals of arbitration would be defeated, namely, the avoidance of the costs and inconvenience of federal litigation and the discovery that goes with it. Permitting discovery at this juncture

---

[4] Similarly, where motions to dismiss under Fed. R. Civ. P. 12 are pending, discovery is appropriately stayed. *See Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.").

would essentially (at least in part) defeat Defendant's motion to compel arbitration before it is even decided.

For all of these reasons, Defendant's motion for a stay of discovery pending resolution of the motion to compel arbitration (ECF No. 24) is **GRANTED**. All discovery is **HEREBY STAYED AND SUSPENDED** unless and until the Court denies the motion to compel arbitration or otherwise orders that an additional factual record be developed. The parties need not respond to, amend or supplement any responses to any discovery that has already been served, and should the Court order that the stay be lifted to permit full discovery, all outstanding discovery shall be deemed first served as of the date of the order lifting the stay. Defendant is cautioned, as stated in my Practice Guidelines, that "General Objections" like the ones lodged in its prior discovery responses (*see, e.g.*, ECF No. 25, PageID.583-585) are not permissible and may lead to sanctions. Objections must be specific and state an adequate individualized basis. *See Wesley Corp. v. Zoom T.V. Products, LLC,* No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018) (Cleland, J.); *accord Strategic Mktg. & Research Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-CV-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar.

31, 2017) ("Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court.")[5]

Dated: December 29, 2025

_____
Anthony P. Patti
United States Magistrate Judge

---

[5] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).