UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHEL JONES,

        Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

        Defendant.

_____/

Case No. 2:25-cv-10114

District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

**<u>OPINION AND ORDER DEFERRING EXPERIAN'S MOTION TO
COMPEL ARBITRATION AND STAY THESE PROCEEDINGS (ECF No.
18) AND DENYING EXPERIAN'S MOTION TO DETERMINE BENCH
TRIAL ON ARBITRATION ISSUE (ECF No. 33)</u>**

**I.**    **OPINION**

    **A.**    **Background**

Plaintiff Rachel Jones, proceeding *in pro per*, initiated this fee-paid action

under the Fair Credit Reporting Act on January 13, 2025 and included a request for

a trial by jury in her pleading.  (ECF No. 1.)  Plaintiff alleges that Defendant

Experian Information Solutions, Inc. ("Experian") failed to provide a complete

consumer file and failed to properly investigate disputed information, which

resulted in credit denials and other damages.  Defendant filed a motion to compel

arbitration on October 14, 2025.  (ECF No. 18.)  There is a dispute over whether

Plaintiff is subject to arbitration because she unequivocally denies the existence of

an arbitration agreement between herself and Defendant.  Because Plaintiff has placed the existence of the arbitration agreement directly in dispute, Sixth Circuit precedent requires a trial on the issue of contract formation.  *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002).  The issue to be resolved at trial is whether a valid arbitration agreement exists between the parties.  The issue presently before the Court is whether the trial will be conducted as a bench trial or a jury trial.

**B.     Pending Motions**

Judge Goldsmith referred this case to me for pretrial matters. (ECF No. 5.) The parties subsequently consented to my "exercise of jurisdiction over all issues related to Experian's pending Motion to Compel Arbitration and Stay These Proceedings" (ECF No. 32, PageID.666) and Judge Goldsmith referred the case to me in accordance with the consent.  (ECF No. 35.)  Currently before the Court is Experian's October 14, 2025, motion to compel arbitration and stay these proceedings (ECF No. 18), as to which Plaintiff filed a timely response (ECF Nos. 19, 21), and Experian filed replies (ECF Nos. 22, 26.)

As noted in the text-only order of March 4, 2026:

> Because there is an underlying factual dispute as to whether Plaintiff entered into an arbitration agreement, before turning to the motion to compel the Court must first conduct a trial on contract formation. The parties dispute whether the issue is to be tried to a jury or to the bench. Accordingly, Defendant shall file a memorandum, no longer than 5 pages, by March 11, 2026 setting forth Defendants' [sic] argument

about whether Plaintiff is entitled to a jury trial on the issue of contract formation. Plaintiff shall file her response by March 18, 2026, also limited to five pages. […] [U]ntil the Court has resolved the factual question regarding contract formation, Defendant's motion to compel arbitration (ECF No. 18) is **HELD IN ABEYANCE**.

(Text-Only Order dated March 4, 2026.)

Consequently, the Court now considers Experian's March 11, 2026 brief in support of bench trial on the issue of contract formation (ECF No. 33), *i.e.*, a motion to determine bench or jury trial on the arbitration/contract formation issue, as to which Plaintiff has filed a response (ECF No. 36).  That motion is now ready for decision.

### C.     Discussion

The parties agree that the arbitration issue should be resolved at trial, but dispute whether it should be by jury or bench trial.  Experian argues that the parties should proceed to a bench trial because the Federal Arbitration Act (FAA) establishes a specific procedure and timeline for demanding a jury trial with which Plaintiff has allegedly not complied.  Experian claims that the plaintiff needed to demand a jury on the specific issue of the "'making of the arbitration agreement' (*i.e.*, contract formation)" and that the general jury demand made in the pleading does not suffice. (ECF No. 33, PageID.669 (citing 9 U.S.C. § 4).)  Jones argues that the general demand made in her pleading applies to all issues triable by jury, which would include the issue of the making of the arbitration agreement. (ECF

No. 36.)  Her jury demand specifically states: "Plaintiff demands a trial by jury *on all issues so triable*."  (ECF No. 1, PageID.28 (emphasis added).)

This issue is governed by Section 4 of the FAA and Rule 38 of the Federal Rules of Civil Procedure.  Section 4 of the FAA states, "if the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof."  9 U.S.C. § 4.  The Act also states, "the party alleged to be in default may… *on or before the return day of the notice of application*, demand a jury trial of such issue, and upon such demand the court shall" provide for a jury trial on the issue.  9 U.S.C. § 4 (emphasis added).  Rule 38 of the Federal Rules of Civil Procedure states that a party may demand a jury trial by written demand, which "may be included in a pleading[,]" and "may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable."  Fed. R. Civ. P. 38(b)-(c).  Rule 38 also states that this right is "preserved to the parties inviolable." Fed. R. Civ. P. 38(a).  The Federal Rules of Civil Procedure govern court proceedings under the FAA, "except" where the FAA provides "other procedures."  Fed. R. Civ. P. 81(a)(6)(B).

Experian primarily relies on *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1347–48 (11th Cir. 2017), to explain why a general jury demand should not invoke the FAA's right to a jury, arguing that Jones failed to demand a jury trial

4

specifically on the arbitration agreement issue.  *Burch* construes the FAA as providing a specific procedure for invoking the right to a jury.  *Id.* at 1349.  *Burch* states, "because Section 4 is far from 'silent' on the mechanisms required to invoke the statutory right to a jury trial that it provides, its procedures displace the general jury demand procedures provided in Federal Rule of Civil Procedure 38."  *Id.* However, *Burch,* an Eleventh Circuit case, is only persuasive authority, and the Sixth Circuit has not addressed this issue. This Court declines the invitation to adopt *Burch's* reasoning.[1] In any case, the Court disagrees with Experian's suggestion that Jones's jury demand did not suffice to invoke the statutory right to a jury trial under § 4  of the FAA.

The FAA creates a *right* to a jury trial on the issue of arbitrability, but does not establish a specific *procedure* for demanding that jury trial.  In *Garren v. CVS Rx Servs.*, No. 3:17-cv-149, 2019 U.S. Dist. LEXIS 4770, at *6 (E.D. Tenn. Jan. 10, 2019), the court confronted the same fault lines between the parties' positions. In that case, "Plaintiff argue[d] [that] because he included a general jury demand in his pleadings, he is entitled to a jury trial on whether an agreement to arbitrate exists between him and Defendants."  *Id.*  The defendants argued that the plaintiff

---

[1] Experian refers to *Burch* as representing the "majority" view, citing the Eleventh, Fifth and Second Circuits.  (ECF No. 33, PageID.670.)  Three out of thirteen Circuits is hardly a "majority," at least at the Circuit level.  In any case, Experian concedes that this is an issue of first impression in the Sixth Circuit (*Id.*)

needed to demand a jury trial on the *specific issue* of arbitrability. *Id.* The court held that the FAA does not establish "other procedures" under Fed. R. Civ. P. 81(a)(6) for demanding a jury "than those in" the Federal Rules of Civil Procedure. *Id.* at *9-10. Rule 38 "state[s] that a party 'may demand a jury trial *by* (1) serving . . . and (2) filing' a written demand, Fed. R. Civ. P. 38(b) (emphasis added), the Act simply states that a party opposing arbitration 'may . . . demand a jury trial of such issue,' 9 U.S.C. § 4. The Act contains no 'by' clause or its equivalent—no language explaining how a jury demand is to be made." *Id.* at *10-11. Without statutory language on *how* a jury demand is to be made, the Federal Rules of Civil Procedure would govern. As the court concluded, "The Rules thus define *how* a party with an existing jury right may demand a jury, while the [FAA] creates a *right* for one party to do so." *Id.* at 11 (emphasis added). In other words, the FAA clarifies that a jury is *available* to any party on the issue of whether the parties agreed to arbitrate and supplies the *deadline* for doing so, *i.e.*, "before the return day of the notice of application[;]" but Fed. R. Civ. P. 38 provides the mechanism for demanding one. This Court adopts this understanding of the Act regarding jury demands. And it further notes that while Defendant challenges the scope of the jury demand that Plaintiff filed, it does not challenge the fact that it was filed "before the return date." In cases where the party resisting arbitration is the one who filed suit, like this one, the return date is the date on which a response is due

6

to the motion seeking to compel arbitration, or one to dismiss or stay an action because of an arbitration agreement. *See Garren*, 2019 U.S. Dist. LEXIS 4770, at *6; *Alvarez v. T-Mobile USA, Inc.*, No. CIV. 2:10-2373, 2011 U.S. Dist. LEXIS 146757, 2011 WL 6702424, at *9 (E.D. Cal. Dec. 21, 2011) ("on or before the return day for [the movant]'s motion to compel arbitration").[2]  In the instant matter, the response deadline or return date was November 6, 2025 (ECF No. 19), while the jury demand in question was filed nearly ten months before that, on January 13, 2025 (ECF No.1, PageID.27-28).

Garren acknowledges the Eleventh Circuit's opinion in *Burch*, but convincingly explains why *Burch* missed the mark. 2019 U.S. Dist. LEXIS 4770 at *14-15.  While *Burch* would have the FAA creating an autonomous procedure because it specifies who may demand a jury trial, when the demand must be made, and how, supposedly, the demand must be made, *Garren* rejected this interpretation. *Id.* at *15-16.  As *Garren* explained, the FAA says nothing about how a demand must be made. *Id.* at *17.  And *Garren* disagreed with *Burch's* interpretation of the FAA's "demand a jury trial of such issue" language (and especially the word *such*) implying that the demand itself must be specific to the

_____

[2] In *Burch*, both parties agreed "that the District Court's order directing Burch to file any opposition to P.J. Cheese's Motion to Stay and Compel Arbitration by November 23, 2009 established that date as the dispositive 'return day of the notice of application.'" 861 F.3d 1338, 1349, n. 19.

arbitration issue.  *Id.*; 9 U.S.C. § 4.  In rejecting the Eleventh Circuit approach, The

*Garren* court reasoned:

> Section Four nowhere says the demand must be "specific." *See* 9 U.S.C. § 4.
> *P.J. Cheese* [*i.e., Burch*] concludes the demand must be "specific" only
> because Section Four uses the word "such" in describing the issue on which
> a party may demand a jury. *Id.* The Court respectfully disagrees that the
> word "such" in this context can carry so much weight. Section Four uses the
> phrase "such issue" or "such an issue" three times in two consecutive
> sentences, each time referring back to the way it has defined the issue to be
> decided: "the making of the arbitration agreement or failure, neglect, or
> refusal to perform the same." 9 U.S.C. § 4. Section Four uses the adjective
> "such" in this context to avoid having to repeat the previous, rather long,
> identification of the "issue." It does not contain any requirement that the
> party in default must affirmatively reference the "issue," nor any other
> requirement about the content of the demand.

*Id.* at *16-17.

The Court finds *Garren's* interpretation of the FAA to be more compelling

than that taken by the Eleventh Circuit.  Interpreting the FAA to include an

additional, issue specific, jury demand would conflict with Rule 38, because Rule

38 provides the procedure for *how* a jury trial is to be demanded − a right which it

states must be "preserved to the parties inviolate" − while § 4 of the FAA only

ensures or confirms that there is a *right* to demand one and specifies the *timing* for

exercising it.  *Garren*, 2019 U.S. Dist. LEXIS 4770, at *11.  As *Garren* notes,

"When something must be done is, in most cases, a logically separate question

from how it must be done." *Id.*, at *12.

Moreover, Plaintiff points out that adopting the Eleventh Circuit's interpretation would "undermine the Seventh Amendment's mandate that jury trial rights be preserved whenever possible." (ECF No. 36, PageID.685.) While not the primary basis of this ruling, she makes a point. *See Prudential Oil Corp. v. Phillips Petroleum Co.*, 392 F. Supp. 1018, 1022 (S.D. N.Y. 1975) (recognizing "the inescapable teaching of recent Supreme Court decisions is that there is a clear federal policy in light of the Seventh Amendment favoring jury trials and that, in doubtful cases, that policy should be favored."); *Beacon Theatres v. Westover*, 359 U.S. 500, 510 (1959) ("Since the right to jury trial is a constitutional one, however, while no similar requirement protects trials by the court, that discretion is very narrowly limited and must, wherever possible, be exercised to preserve jury trial."); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472 (1962) ("Rule 38(a) expressly reaffirms that constitutional principle, declaring: 'The right of trial by jury as declared by the Seventh Amendment to the Constitution or *as given by a statute* of the United States shall be preserved to the parties inviolate.'") (emphasis added); *Bower v. Bunker Hill Co.*, 675 F. Supp. 1254, 1262 (E.D. Wash. 1986) (recognizing "the strong federal policy favoring jury trials provides impetus for finding the right to a jury trial in questionable cases."). *See also* 8 *Moore's Federal Practice* - Civil § 38.10 ("It has been held that the right to jury trial under

9

the Seventh Amendment should be liberally construed, and that when there is

doubt, the balance is tilted in favor of a jury trial.").[3]

---

[3] *Burch* reasoned otherwise, finding that there is no constitutional right to a jury trial on a motion to compel arbitration, only a statutory one, because a "motion to compel arbitration is an 'equitable defense.'" 861 F.3d at 1347. *Burch* relies on *Shanferoke Coal & Supply Corp. v. Westchester Serv. Corp.*, 293 U.S.449, 452 (1935) for this proposition, but as the Supreme Court subsequently observed in *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 284-285 (1988):

> The task of characterizing stays as based in either law or equity has proved equally intractable. In an early case applying the doctrine, for example, this Court held that a stay of an action at law pending arbitration is appealable as an injunction because 'the special defense setting up the arbitration agreement is an equitable defense.' *Shanferoke Coal & Supply Corp. v. Westchester Service Corp.*, 293 U. S. 449, 452 (1935). But as one Court of Appeals has noted, a chancellor could not have enforced an arbitration agreement and, correlatively, could not have stayed a suit at law pending arbitration. *See Olson v. Paine, Webber, Jackson & Curtis, Inc.*, 806 F. 2d 731, 735 (CA7 1986), citing, *e. g.*, J. Story, Commentaries on Equity Pleadings § 804 (J. Gould 10th rev. ed. 1892). More recently, lower courts have differed as to whether a stay pending the completion of administrative proceedings is based on an equitable defense. *Compare H. W. Caldwell & Son, Inc. v. United States ex rel. John H. Moon & Sons, Inc.*, 407 F. 2d 21, 22 (CA5 1969), with *Pepper v. Miani*, 734 F. 2d 1420, 1422 (CA10 1984). The conflict regarding the proper characterization of *Colorado River* [*Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)] stays is just one more example of the confusion that results from requiring courts to assign obsolete labels to orders that may or may not have an analogue in the bifurcated system of equity and law.

*Gulfstream*, in turn, appears to have been abrogated by the FAA itself, at least as to its treatment of immediate appeals from orders denying arbitration. *See Jackson v. Amazon*, 65 F.4th 1093,1097-1098 (9th Cir. 2023). But the "intractability" and "confusion" have not necessarily abated, because while the *remedy* of compelling arbitration by court order may be an equitable one, the underlying question of disputed material fact in determining whether a contract or agreement to arbitrate

The jury demand in Plaintiff's pleading is for a trial by jury on "all issues so triable." (ECF. No. 1, PageID.28.)  Section 4 of the FAA specifically renders "the making of an arbitration agreement" − or, put another way, "contract formation" (Text-Only Order dated March 4, 2026) − a "triable" issue.  As the court found in *Garren*, Plaintiff's "jury demand encompassed the making of the arbitration agreement: the demand was on 'all issues . . . triable' by a jury, and this includes issues triable by a jury pursuant to statutes such as 9 U.S.C. § 4.10." *Garren*, 2019 U.S. Dist. LEXIS 4770, at *18.  Here, Plaintiff's demand is likewise broader than, and accordingly includes the dispute over whether she made an arbitration agreement and thus whether her claims are subject to arbitration.

## II.   ORDER

For the reasons set forth above, Experian's motion to compel arbitration and stay these proceedings (ECF No. 18) is **DEFERRED** pending the jury's determination, and Experian's motion to determine bench or jury trial on the arbitration issue (ECF No. 33) is **DENIED**.  The issue of whether a valid agreement to arbitrate was made, *i.e.,* a contract was formed, will be for a jury to decide.

**IT IS SO ORDERED.**

---

was formed, *i.e.*, whether there was a meeting of the minds, is a legal dispute, not an equitable one.

11

Dated:  July 10, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE